# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# SOUTHERN DIVISION

| | |
|---|---|
| **Angela Beth Phillips, individually as daughter and next of kin and on behalf of the wrongful death beneficiaries of Deborah Cook, deceased,** | |
| Plaintiff, | |
| v. | **Case No.** <br> **JURY DEMAND** |
| **Senior Living Chattanooga, LLC d/b/a StoryPoint Chattanooga; and Senior Living Manor Group, LLC d/b/a StoryPoint Chattanooga,** | |
| Defendants. | |

# COMPLAINT

Plaintiff Angela Beth Phillips, individually as daughter and next of kin and on behalf of the wrongful death beneficiaries of Deborah Cook, deceased, brings this cause of action against defendants Senior Living Chattanooga, LLC d/b/a StoryPoint Chattanooga; and Senior Living Manor Group, LLC d/b/a StoryPoint Chattanooga, as follows:

1

## PARTIES

1. Plaintiff is the daughter and next of kin of Deborah Cook and has standing to bring this action.

2. Defendant Senior Living Chattanooga, LLC is, and at all times mentioned herein was, a Tennessee limited liability company doing business in Hamilton County, Tennessee, operating and/or managing StoryPoint Chattanooga at 1148 Mountain Creek Rd, Chattanooga TN 37405-1692. Defendant can be served with process through its registered agent, Cogency Global Inc., at 992 Davidson Dr Ste B, Nashville TN 37205-1051.

3. Defendant Senior Living Manor Group, LLC is, and at all times mentioned herein was, a Tennessee limited liability company doing business in Hamilton County, Tennessee, operating and/or managing StoryPoint Chattanooga at 1148 Mountain Creek Rd, Chattanooga TN 37405-1692. Defendant can be served with process through its registered agent, Cogency Global Inc., at 992 Davidson Dr Ste B, Nashville TN 37205-1051.

## JURISDICTION AND VENUE

4. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and, upon information and belief,[1] the parties are citizens of

---

[1] "A party suing an LLC may not have all the information it needs to plead the LLC's citizenship," and therefore "pleading on information and belief is acceptable at the pleading stage." Committee Notes on Rules—2022 Amendment, FRCP 7.1.

different States. Specifically, Plaintiff is a citizen of Georgia, and Defendants, upon information and belief, are not. Accordingly, this court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 123 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

6. Plaintiff gave notice to Defendants of a potential claim at least 60 days in advance of filing this complaint in conformity with the provisions of T.C.A. § 29-26-121, as evidenced by the *Affidavit of Service with Certificate of Mailing* attached hereto as Exhibit A.

7. In the event Defendants believe that Deborah Cook or someone on her behalf has entered into an agreement to arbitrate any issues between them, then pursuant to 9 U.S.C. § 4 Plaintiff demands a trial by jury to resolve all fact issues of whatever nature related to Defendants' claims that a binding arbitration agreement was entered into that would require the submission of the claims raised in this complaint to an arbitrator.

## **DEFINITIONS**

8. Whenever it is alleged that Defendants did any act or failed to do any act, it is meant that the officers, employees, or agents of Defendants performed, participated

in or failed to perform or participate in such acts or things while in the course and scope of their employment or agency relationship with Defendants.

## FACTS

9. Upon information and belief, Deborah Cook was a resident of StoryPoint Chattanooga from approximately 2014 until approximately June 22, 2022.

10. Defendants represented themselves to Ms. Cook and her family as being capable of providing high quality, compassionate long-term care.

11. Ms. Cook was at risk for falls and injuries from falls. Defendants were aware of this condition, or reasonably should have been aware, and were required to meet her needs or discharge her to an appropriate facility where her needs could be met.

12. Defendants failed to develop and implement an effective plan for the prevention and timely treatment of falls and injuries from falls.

13. Ms. Cook was at risk for pressure injuries. Defendants were aware of this condition, or reasonably should have been aware, and were required to meet her needs or discharge her to an appropriate facility where her needs could be met.

14. Defendants failed to develop and implement an effective plan for the prevention and timely treatment of pressure injuries.

15. Defendants failed to implement a system to ensure that Ms. Cook was properly monitored and protected from acts of abuse and neglect.

16. Defendants failed to discharge Ms. Cook to an appropriate facility where her needs could be met once she became inappropriate for an assisted living facility.

17. Due to the inadequate care of Defendant, Ms. Cook suffered injuries and harm, which include but are not limited to, the following:

(a) Fractures;

(b) A ruptured eye;

(c) Blindness;

(d) Pressure injuries;

(e) Infections;

(f) Delays in care;

(g) Abuse and neglect;

(h) Severe pain; and

(i) Death.

18. The foregoing injuries are a direct and proximate result of the acts or omissions set forth herein, singularly or in combination. As a result of these injuries, Ms. Cook's health deteriorated, she required medical treatment, she suffered significant pain, and she died.

### COUNT I – NEGLIGENCE PURSUANT TO THE TENNESSEE MEDICAL MALPRACTICE ACT, TENN. CODE ANN. §29-26-115, ET SEQ.

19. Defendants owed a duty to their residents, including Ms. Cook, to render care, services, and treatment as a reasonably prudent and similarly situated assisted

living facility would render, including but not limited to, rendering care and services in a safe and beneficial manner.

20. Defendants owed a duty to their residents, including Ms. Cook, to discharge them to an appropriate facility where their needs could be met once they became inappropriate for an assisted living facility.

21. Defendants owed a duty to assist their residents, including Ms. Cook, in attaining and maintaining the highest level of physical, mental, and psychosocial well-being.

22. Defendants failed to meet that standard of care and violated their duty of care in their treatment of Ms. Cook through mistreatment, abuse, and neglect. The medical negligence of Defendants includes, but is not limited to, the following acts and omissions:

(a) Failure to provide and ensure adequate nursing care plans, including necessary revisions, based upon the needs of Ms. Cook;

(b) Failure to implement and ensure that an adequate nursing care plan for Ms. Cook was followed by nursing personnel;

(c) Failure to provide timely medical intervention to Ms. Cook;

(d) Failure to provide nursing personnel sufficient in number to ensure that Ms. Cook attained and maintained the highest level of physical, mental, and psychosocial well-being;

(e) Failure to provide care and treatment to Ms. Cook in accordance with her physicians' orders;

(f) Failure to properly and timely notify Ms. Cook's attending physician of significant changes in Ms. Cook's physical condition;

(g) Failure to adequately and appropriately monitor Ms. Cook and recognize significant changes in her health status;

(h) Failure to discharge Ms. Cook to an appropriate facility where her needs could be met once she became inappropriate for an assisted living facility;

(i) Failure to provide treatment for persistent, unresolved problems relating to the care and physical condition of Ms. Cook, resulting in unnecessary pain, agony and suffering;

(j) Failure to provide timely and adequate nursing intervention to alleviate pain and suffering endured by Ms. Cook;

(k) Failure to transfer Ms. Cook to a hospital when she developed symptoms, conditions and illnesses beyond the treatment capabilities of the facility;

(l) Failure to maintain medical records on Ms. Cook that are complete, accurately documented, readily accessible, and systematically organized with respect to the diagnosis of Ms. Cook, the treatment of Ms. Cook, and the assessment and establishment of appropriate care plans for Ms. Cook.

23. A reasonably prudent assisted living facility operating under the same or similar conditions would not have failed to provide the care listed above. Each of the foregoing acts of negligence on the part of Defendants was a proximate cause of Ms. Cook's injuries and death. Ms. Cook's injuries were all foreseeable to Defendants.

24. Defendants' conduct in breaching the duties they owed to Ms. Cook was negligent, grossly negligent, willful, wanton, malicious, reckless and/or intentional.

25. The injuries herein described are a direct and proximate result of the acts or omissions as set forth above, singularly or in combination.

26. Plaintiff seeks compensatory and punitive damages in an amount to be determined by the jury, plus costs and any further relief to which she is entitled by law.

## COUNT II – GROSS NEGLIGENCE, WILLFUL, WANTON, RECKLESS, MALICIOUS AND/OR INTENTIONAL MISCONDUCT

27. The longevity, scope and severity of Defendants' failures and actions and their consciously indifferent actions with regard to the welfare and safety of helpless residents, such as Ms. Cook, constitutes gross negligence, willful, wanton, reckless, malicious, and/or intentional misconduct as such terms are understood in law.

28. Such conduct was undertaken by Defendants without regard to the health and safety consequences to those residents, such as Ms. Cook, entrusted to its care. Moreover, such conduct evinces such little regard for its duties of care, good faith, and fidelity owed to Ms. Cook as to raise a reasonable belief that the acts and omissions set forth above are the result of conscious indifference to Ms. Cook's rights and welfare.

29. As a direct and proximate result of the grossly negligent, willful, wanton, reckless, malicious and/or intentional misconduct of Defendants, Ms. Cook suffered injuries, resulting treatment, severe pain and death.

30. Plaintiff seeks compensatory and punitive damages in an amount to be determined by a jury, plus costs, and other relief to which she is entitled by law.

## **PRAYER FOR RELIEF**

Plaintiff prays for judgment against Defendant as follows:

A. For damages to be determined by the jury in an amount adequate to compensate Plaintiff for all injuries and damages sustained;

B. For all general and special damages caused by the alleged conduct of Defendants;

C. For punitive damages sufficient to punish Defendants for their egregious conduct and to deter Defendants and others from repeating such atrocities;

D. For the costs of litigating this case;

E. For a jury to hear this case; and

F. For all other relief to which Plaintiff is entitled under Tennessee law.

Respectfully submitted,

**THE HIGGINS FIRM, PLLC**

**/s/ Benjamin J. Miller**
**BENJAMIN J. MILLER (#25575)**
**SARAH L. MARTIN (#37707)**
525 4th Ave. S.
Nashville, TN 37210
(615) 353-0930
ben@higginsfirm.com
smartin@higginsfirm.com

*Counsel for Plaintiff*